Minute Order Form (06/97)

# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 3843 | **DATE** | 2/6/2001 |
| **CASE TITLE** | Liberty Mutual Fire etc. Vs. Hayes Mechanical, Inc. etc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Plaintiff moves to dismiss certain affirmative defenses. That motion is, for now, denied, but with a recognition that the issues raised by the motion will have to be revisited in far greater depth prior to trial if the case is not otherwise resolved. Status hearing set for February 21, 2001 at 9:45am.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | FEB - 8 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 13 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | DOCKETING 01 FEB -7 AM 11:50 | | |
| WAH | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LIBERTY MUTUAL FIRE INSURANCE )
CO., as subrogee of GREENLEAF )
REALTY MANAGEMENT CO., INC., )
)
        Plaintiff, )
)
vs. ) No. 00 C 3843
)
HAYES MECHANICAL, INC., f/k/a )
HAYES BOILER AND MECHANICAL, )
INC., )
)
        Defendant. )

DOCKETED
FEB - 8 2001

## MEMORANDUM OPINION AND ORDER

Plaintiff moves to dismiss certain affirmative defenses. That motion is, for now, denied, but with a recognition that the issues raised by the motion will have to be revisited in far greater depth prior to trial if the case is not otherwise resolved.

As framed by the plaintiff, the issue is a simple one: if a building does not conform to the building codes when constructed or to the building codes as thereafter amended, is a subsequent owner vulnerable to a claim that it was negligent if it did not retrofit or reconstruct the building to conform to the then applicable building codes? Plaintiff contends that a negative answer is self-evident because building codes pertain to construction. Defendant argues that proof that the building was not "maintained" in compliance with applicable building codes is proof that the plaintiff did not maintain the building in a "reasonably safe condition." We think that both parties oversimplify the issue, and the precedent they cite is far from compelling.

13

We assume that both parties agree that a building owner has a duty to maintain its building in a reasonably safe condition, and that a negligent failure to do so that leads to adverse consequences can have legal implications. But that characterization is based upon a concept of fault and it does not elucidate the meaning of "maintain." Let us consider several scenarios.

When a building is constructed the contractor uses concrete that does not meet code specifications. A wall collapses years later when the building is owned by someone who has no knowledge and no reason to know of the original violation, unless he has taken core samples from the wall and had them analyzed. Was there a duty to take those core samples and have them analyzed? Can fault be ascribed to the later owner? We think not. But if the original contractor, in a burst of contrition, went to the later owner and told him that the building was in danger of collapse, and why, could the owner ignore that warning because the code violation related to construction, for which he was not responsible? Obviously not. We think an owner has no duty to dismantle a building to determine whether or not there may be building code violations of which he has no knowledge or suspicion, but he does have a duty to correct dangerous conditions of which he knows or reasonably should know.

The building code is amended to require sprinklers, smoke detectors and fire doors in certain circumstances, none of which was required when the building was constructed. A later owner fails to bring his building up to code, and a fire causes injuries because of the absence of those protections. The owner may well be liable. On the other hand, he probably is not required to replace piping, electrical wiring and the like, if new requirements are the result of new technology, replacement would be very expensive and the old systems are generally

recognized as adequate for the purpose.

Turning to the claims here, we think it unlikely that a subsequent owner could be found negligent because of the absence of fire stops in the building's pipe chases, if he is unaware of their absence and could not become aware unless he tore open the walls. Attic fire stops may be another matter if their absence is readily observable and experience has demonstrated their necessity. Why must dryer vents be vented outside? Perhaps the risk is that an owner may fail to properly maintain vent filters, permitting the buildup of combustible lint in ceiling cavities. Defendant may have a decent argument if that is what happened here. Perhaps there are other reasons, such as the prevention of heat buildup or the venting of toxic or unhealthy emissions into the building, neither of which appears to have any relevancy to this case. In short, we believe we need far more information before we can properly assess the impact of violations of present building codes upon potential liabilities.

_____
JAMES B. MORAN
Senior Judge, U. S. District Court

_Feb. 6_, 2001.